Kevin G. Little, SBN 149818
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, California 93747
Telephone: (559) 342-5800
Facsimile:  (559) 242-2400
Email:  kevin@kevinglittle.com

Attorney for Plaintiff Daniel Guzman Vela

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| DANIEL GUZMAN VELA,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO POLICE OFFICER REY MEDELES; FRESNO POLICE OFFICER GUSTAVO GUTIERREZ; THE CITY OF FRESNO; UNKNOWN LAW ENFORCEMENT OFFICERS,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**42 U.S.C. § 1983 (Unconstitutional, Retaliatory Force, Unconstitutional and Retaliatory Arrest, Unconstitutional and Retaliatory Prosecution, Deprivation of Property Rights, Municipal Liability)**<br><br>**Cal. Civil Code § 52.1 (Unconstitutional, Retaliatory Force; Unconstitutional and Retaliatory Arrest, Unconstitutional and Retaliatory Prosecution, Deprivation of Property Rights)**<br><br>**Cal. Common Law (Battery)**<br><br>JURY TRIAL DEMANDED |

TO THE HONORABLE COURT:

Plaintiff Daniel Guzman Vela, through his undersigned counsel, hereby makes the following allegations against the defendants, Fresno Police Officer Rey Medeles, Fresno Police officer Gustavo Gutierrez, the City of Fresno, and Unknown Law Enforcement Officers, and each of them.

COMPLAINT FOR DAMAGES

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as this action is one for damages arising under the United States Constitution and other federal laws providing remedies for deprivations of the rights and privileges of citizens of the United States, and it also contains supplemental state law claims.

2. This Court has a venue in this action pursuant to 28 U.S.C. § 1391(b), as the actions giving rise to this action all occurred within this judicial district.

3. Plaintiff has fulfilled all prerequisites to alleging the state law claims contained herein, as he timely presented a claim for damages with the City of Fresno related to this incident, and he is bringing suit timely within six months of the service of the denial of said claim.

## PARTIES

4. Plaintiff Daniel Guzman Vela ("Guzman") is a citizen and resident of the State of California, County of Fresno. For the last 13 years, Guzman has been doing automotive maintenance and repair under the business name Valley Battery, which is located at 3034 East McKinley Ave Fresno, CA 93703. Plaintiff is one of the co-founders of a California corporation, Greenleaf, No. C4382125, which developed an online application that is utilized within the lawful CBD and marijuana industry. Specifically, Greenleaf developed 420 Zone, a lawful web business that provides a social market for CBD and marijuana customers to browse online products from lawful, approved partners and interface with one another. 420 Zone is wholly legitimate business and has an online application one can even download from the Apple store or the Google Play store. Guzman, who is 39 years old, has never been convicted of any crime, neither before nor since the events of June 1, 2023.

5. Defendant Fresno Police Officer Rey Medeles ("Officer Medeles") is, upon information and belief, a citizen and resident of the State of California, County of Fresno. With respect to all of the acts complained of herein, Officer Medeles was on duty on June 1, 2023 and acting as an officer and employee of the Fresno Police Department. At all material times herein, Officer Medeles acted individually and within the course and scope of his employment with the Fresno Police Department. Officer Medeles is sued in his legal capacity for acts he performed under

the color of law. As alleged herein, plaintiff believes in good faith that Officer Medeles is legally responsible and liable for the injuries and damages alleged herein.

6. Defendant Fresno Police Officer Gustavo Gutierrez ("Officer Gutierrez") is, upon information and belief, a citizen and resident of the State of California, County of Fresno. With respect to all of the acts complained of herein, Officer Gutierrez was on duty on June 1, 2023 and acting as an officer and employee of the Fresno Police Department. At all material times herein, Officer Gutierrez acted individually and within the court and scope of his employment with the Fresno Police Department. Officer Gutierrez is sued in his individual capacity for acts he performed under the color of law. As alleged herein, plaintiff believes in good faith that Officer Gutierrez is legally responsible and liable for the injuries and damages alleged herein.

7. Defendant the City of Fresno is a public entity under California law. Fresno is the fifth largest city in California and is the hub on the Central California region. The City of Fresno is primarily responsible for funding and supervising the City of Fresno Police Department, which has primary law enforcement jurisdiction within the City. The City of Fresno is sued herein based on *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and its progeny, based on customs, policies and practices that were the moving forced behind the individual defendants' constitutional violations. In addition to the customs, policies and practices identified herein, plaintiff reserves the right to allege additional bases of municipal civil rights liability based on information not yet discovered.

8. The fictitious defendants are sued as Unknown Local and Federal Law Enforcement Officers and they are, upon information and belief, citizens and residents of the State of California, County of Fresno. With respect to all of the acts complained of herein, these fictitious defendants were on duty on June 1, 2023 and were acting as officers and employees of the Fresno Police Department, or a cooperating state or federal law enforcement agency. At all material times herein, these fictitious defendants acted individually and within the court and scope of their law enforcement employment. These fictitious defendants are sued in their individual capacities for acts they performed under the color of law. As alleged herein, plaintiff believes in good faith that these

fictitious defendants are legally responsible and liable for the injuries and damages alleged herein. These fictitious defendants will be renamed in their actual names once they become known.

**FACTUAL ALLEGATIONS**

9. On June 1, 2023, a team of officers, led by defendants Officers Medeles and Gutierrez, contacted Guzman in connection with an alleged investigation into a supposed black market marijuana dispensary. Apparently, Guzman's business address was one of several locations the defendant officers went to execute search warrants. Guzman is not involved in any black market marijuana activity, and the defendant officers had no evidence suggesting he was, either prior to contacting Guzman, or at any later time.

10. When contacted, Guzman asserted his constitutional rights not to cooperate with and criticize the defendant officers, they responded by using injurious force on him that was totally unnecessary and unjustified.

11. The defendant officers also arrested Guzman, even though there was absolutely no probable cause that he participated in any criminal activity. This arrest was made only after Guzman refused to cooperate with and criticized the officers and told them he intended to take legal action against them for violating his rights.

12. In further connection with Guzman's arrest the officers unlawfully seized more than $1,000 in case that Guzman had at his place of business, although there was no connection between said funds and any criminal activity, for which there was also no probable cause.

13. Guzman continued to complain about the violation of his rights and also continued to criticize and threaten to take legal action against the defendant officers, even after he had been the victim of excessive force, false arrest and the deprivation of his property.

14. In what can only be explained by retaliatory animus, the defendant officers, led by defendants Officer Medeles and Gutierrez, arrested and booked Guzman on 14 baseless charges, none of which had any factual support constituting probable cause. These 14 charges are summarized in Exhibit A. Exhibit A is incorporated herein by reference, pursuant to Federal Rule of Civil Procedure 10(c). Guzman was held on $5,452,500 bail on these false charges.

15. Based on the defendant officers' false reports, the Fresno District Attorney filed charges, Fresno Superior Court Case No. F23904157, against Guzman on June 5, 2023, specifically three felony charges under California Health and Safety Code §§ 11370.1(a), 11351, and 11366.

16. Guzman remained in custody until he was released after his first court hearing on June 6, 2023.

17. The criminal charges against Guzman remained pending until September 27, 2023, when they were all dismissed for insufficient evidence. The dismissal of all of these charges undoubtedly constitutes a favorable termination for Guzman.

18. As a result of the foregoing events, Guzman sustained physical injury, property loss, the humiliation of arrest and prosecution, and he also had to deal with the stress and uncertainty of potential criminal charges for several months. Guzman also had to pay a considerable amount in legal expenses for his criminal case. Finally, Guzman still suffers emotional distress from all these incidents.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

Violation of 42 U.S.C. § 1983 – Unconstitutional, Retaliatory Force

(By Guzman Against Officer Medeles, Officer Gutierrez, & Unknown Law Enforcement Officers)

19. Guzman incorporates the foregoing paragraphs by reference, as if fully set forth herein.

20. The Fourth Amendment prohibits government officials acting under color of law from using excessive and unreasonable force on citizens at liberty. Likewise, the First Amendment prohibits government officials acting under color of law from using retaliatory force on citizens at liberty, for the purpose of chilling and deterring them from reasonably exercising their protected rights of expression.

21. On June 1, 2023, the named defendants used excessive, unreasonable and retaliatory force on Guzman, as described herein above. That force was also sufficient to chill and deter a reasonable person from exercising his First Amendment rights.

22. As a result of being subjected to excessive, unreasonable and retaliatory force, Guzman has suffered compensable harm.

23. The infliction of harm on Guzman was intentional and malicious and in knowing violation of his rights, thus entitling him to punitive damages against the named individual defendants.

**SECOND CAUSE OF ACTION**

Violation of 42 U.S.C. § 1983 – Unconstitutional and Retaliatory Arrest

(By Guzman Against Officer Medeles, Officer Gutierrez, & Unknown Law Enforcement Officers)

24. Guzman incorporates the foregoing paragraphs by reference, as if fully set forth herein.

25. The Fourth Amendment prohibits government officials acting under color of law from making arrests of citizens at liberty unsupported by probable cause. Likewise, the First Amendment prohibits government officials acting under color of law from making false arrests of citizens at liberty, for the purpose of chilling and deterring them from reasonably exercising their protected rights of expression.

26. On June 1, 2023, the named defendants falsely and retaliatorily arrested Guzman, as described herein above. That arrest was sufficient to chill and deter a reasonable person from exercising his First Amendment rights.

27. As a result of being subjected to false and retaliatory arrests, Guzman has suffered compensable harm.

28. The infliction of harm on Guzman was intentional and malicious and in knowing violation of his rights, thus entitling him to punitive damages against the named individual defendants.

**THIRD CAUSE OF ACTION**

Violation of 42 U.S.C. § 1983 – Unconstitutional and Retaliatory Prosecution

(By Guzman Against Officer Medeles, Officer Gutierrez, & Unknown Law Enforcement Officers)

29. Guzman incorporates the foregoing paragraphs by reference, as if fully set forth herein.

30. The Fourth Amendment prohibits government officials acting under color of law from instituting criminal proceedings against citizens at liberty without probable cause and for the

intended purpose of denying them a constitutional right. Likewise, the First Amendment prohibits government officials acting under color of law from wrongfully prosecuting citizens at liberty, for the purpose of chilling and deterring them from reasonably exercising their protected rights of expression.

31. On June 1, 2023, the named defendants falsely and retaliatorily caused Guzman to be prosecuted in criminal court, as described herein above. That prosecution was sufficient to chill and deter a reasonable person from exercising his First Amendment rights. At no time was there probable cause to support Guzman's prosecution.

32. Because the named individual defendants wrote materially false reports and concealed exculpatory facts, and thus inaccurately depicted Guzman as having committed numerous crimes, no independent exercise of discretion was possible by the Fresno County District Attorney's Office.

33. On September 27, 2023, Guzman's criminal proceedings terminated in his favor, with an acknowledgement that there was insufficient evidence to support the criminal charges against him. This is tantamount to a declaration of a lack of probable cause.

34. As a result of being subjected to false and retaliatory prosecution, Guzman has suffered compensable harm.

35. The infliction of harm on Guzman was intentional and malicious and in knowing violation of his rights, thus entitling him to punitive damages against the named individual defendants.

**FOURTH CAUSE OF ACTION**

Violation of 42 U.S.C. § 1983 – Retaliatory and Unlawful Deprivation of Property Rights
(By Guzman Against Officer Medeles, Officer Gutierrez, & Unknown Law Enforcement Officers)

36. Guzman re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

37. As a result of the named defendant officers' unlawful seizure and theft of Guzman's $1,000 cash on hand at his business, he was denied his right to be secure in his home or business against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United

States Constitution and applied to state actors by the Fourteenth Amendment. Guzman also was deprived of his personal property without due process of law, as guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution.

38. The named defendant officers' intentional and reckless acts, as described above, also constitute a deprivation of Guzman's rights, privileges, and immunities under the United States Constitution, specifically, his rights under the First and Fourth Amendment to be free from retaliatory, and unlawful property seizures. Because the above-recited facts make it clear that there was never a good faith basis to seize any property belonging to Guzman, the defendant officers' seizures were unconstitutional, and they also followed Guzman's assertion of his rights to refuse, question and criticize government authority. A reasonable person in Guzman's situation would be chilled in the exercise of his free speech based upon the defendant officers' reports and/or recommending that criminal charges be filed against him.

39. As a direct and proximate result of the named defendant officers' violation of his constitutional rights, Guzman has suffered substantial damages, as described hereinabove.

40. As a result of the unlawful seizure and theft of their property, Guzman has been damaged in an amount of over $1,000.

41. The defendant officers' conduct as set forth above was intentional, wanton, malicious, oppressive, and undertaken with reckless disregard for Guzman's rights, thus entitling him to an award of punitive damages.

**FIFTH CAUSE OF ACTION**

Municipal Liability-Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)

(By Guzman Against the City of Fresno)

42. Guzman re-alleges and incorporate by reference the preceding paragraphs of this Complaint.

43. Defendants Officer Medeles, Officer Gutierrez, and Unknown Law Enforcement Officers deprived Guzman of his rights under the United States Constitution as alleged above.

44. The unconstitutional actions and/or omissions of Defendants Officer Medeles, Officer Gutierrez, and Unknown Law Enforcement Officers were pursuant to the following customs,

practices, and/or policies which were directed, encouraged, allowed, and/or ratified by policy making officials for the City of Fresno:

    a. Using or tolerating dishonesty, false report writing, illegal searches and seizures, retaliatory arrests and harassment, the unlawful taking of property, and the use of excessive force;

    b. Covering up or justifying violations of constitutional rights, including by failing to investigate complaints or incidents of misconduct; and failing to discipline unconstitutional or unlawful or policy non-complaint police activity; and

    c. Encouraging, accommodating, or facilitating a "code of silence," under which officers do not report each other's errors, misconduct, or crimes;

    d. Using or tolerating inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct;

    e. Failing to have and enforce necessary and appropriate and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint, with deliberate indifference to the rights and safety of Guzman and the public and in the face of an obvious need for such policies, procedures, and training programs to prevent recurring and foreseeable violations of rights of the type described herein; and

    f. Failing to train and discipline officers to prevent and discourage dishonesty, false report writing, illegal searches and seizures, retaliatory arrests and harassment, the unlawful taking of property, and the use of excessive force.

45. Defendants City of Fresno policy makers and managers, including former Chief of Police Dyer, and current Chief Balderrama knew of the deficient customs, practices, and/or policies alleged above. Despite having that knowledge, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Defendants thus acted with deliberate indifference to the foreseeable effects and consequences of their policies, practices, and customs with respect to the constitutional rights of Robert and others similarly situated.

46. Plaintiffs allege on information and belief that despite the development of evidence

substantiating significant misconduct, including the identification of multiple officers who witnessed wrongful conduct by their colleagues and failed to intervene or report it, virtually no disciplinary action was taken against any of the offending officers, and their opportunities for continued employment, and even promotions were not affected. As a result, the Fresno Police Department developed *de facto* and well understood policies and practices of dishonesty, false report writing, illegal searches and seizures, retaliatory arrests and harassment, the unlawful taking of property, and the use of excessive force could be used with impunity and without concern that any disciplinary action or other employment consequences would follow. The misconduct of Officer Medeles, Officer Gutierrez and Unknown Law Enforcement Officers were the logical and inevitable result of such practices.

47. Defendants City of Fresno, through policy makers and managers were responsible for creating, approving, and enforcing the unconstitutional policies, customs and/or practices described herein above. The aforementioned entities and individuals acted with deliberate indifference to the foreseeable effects and consequences of the policies, customs, and/or practices with respect to the constitutional rights of Guzman and other individuals similarly situated. Accordingly, the City of Fresno is responsible for customs, policies, and/or practices that were the moving force behind the constitutional violations or Guzman's clearly established and well-settled rights in violation of 42 U.S.C. § 1983 as alleged above.

48. As a direct and proximate result of the defendant officers' violation of his constitutional rights, Guzman has suffered substantial damages, as described hereinabove.

### SIXTH CAUSE OF ACTION

Violation of Cal. Civil Code § 52.1- Excessive and Retaliatory Force

(By Guzman Against All Defendants)

49. Guzman incorporates the foregoing paragraphs by reference, as if fully set forth herein.

50. The Fourth Amendment and article I, section 13 of the California Constitution prohibit government officials acting under color of law from using excessive and unreasonable force on citizens at liberty. Likewise, the First Amendment and article I, section 2 of the California

Constitution prohibit government officials acting under color of law from wrongfully using force against citizens at liberty, for the purpose of chilling and deterring them from reasonably exercising their protected rights of expression. These constitutional rights are made actionable under the Bane Civil Rights Act, Cal. Civil Code § 52.1.

51. On June 1, 2023, the named individual defendants used excessive, unreasonable and retaliatory unreasonable force on Guzman, as described herein above.

52. As a result of being subjected to excessive, unreasonable and retaliatory force, Guzman has suffered compensable harm.

53. The infliction of harm on Guzman was intentional and malicious and in knowing violation of Guzman's rights, thus entitling him to punitive damages against the named individual defendants.

54. The City of Fresno is vicariously liable under state law, specifically Cal. Government Code § 815.2, for harms caused by its police officers within the course and scope of their official duties.

**SEVENTH CAUSE OF ACTION**

Violation of Cal. Civil Code § 52.1- Unconstitutional and Retaliatory Arrest

(By Guzman Against All Defendants)

55. Plaintiff incorporates the foregoing paragraphs by reference, as if fully set forth herein.

56. The Fourth Amendment and article I, section 13 of the California Constitution prohibit government officials acting under color of law from making arrests of citizens at liberty unsupported by probable cause. Likewise, the First Amendment and article 1, section 2 of the California Constitution prohibit government officials acting under color of law from making false arrests of citizens at liberty, for the purpose of chilling and deterring them from reasonably exercising their protected rights of expression. These constitutional rights are made actionable under the Bane Civil Rights Act, Cal. Civil Code § 52.1.

57. On June 1, 2023, the named individual defendants falsely and retaliatorily arrested Guzman, as described herein above. That arrest was sufficient to chill and deter a reasonable person from exercising his free speech rights.

58. As a result of being subjected to false and retaliatory arrest, Guzman has suffered compensable harm.

59. The infliction of harm on Guzman was intentional and malicious and in knowing violation of his rights, thus entitling him to punitive damages against the named individual defendants.

60. The City of Fresno is vicariously liable under state law, specifically Cal. Government Code § 815.2, for harms caused by its police officers within the course and scope of their official duties.

**EIGHTH CAUSE OF ACTION**

Violation of Cal. Civil Code § 52.1- Unconstitutional and Retaliatory Prosecution

(By Guzman Against All Defendants)

61. Guzman incorporate the foregoing paragraphs by reference, as if fully set forth herein.

62. The Fourth Amendment and article I, section 13 of the California Constitution prohibit government officials acting under color of law from instituting criminal proceedings against citizens at liberty without probable cause and for the intended purpose of denying them a constitutional right. Likewise, the First Amendment and article I, section 2 of the California Constitution prohibit government officials acting under color of law from wrongfully prosecuting citizens at liberty, for the purpose of chilling and deterring them from reasonably exercising their protected rights of expression. These constitutional rights are made actionable under the Bane Civil Rights Act, Cal. Civil Code § 52.1.

63. On June 1, 2023, the named individual defendants falsely and retaliatorily caused Guzman to be prosecuted in criminal court, as described herein above. That prosecution was sufficient to chill and deter a reasonable person from exercising his free speech rights. At no time was there probable cause to support Guzman's prosecution.

Case 1:24-cv-00471-KES-SKO   Document 1   Filed 04/19/24   Page 13 of 15

64. Because the named individual defendants wrote materially false reports and concealed exculpatory facts, and thus inaccurately depicted Guzman as having committed numerous crimes, no independent exercise of discretion was possible by the Fresno County District Attorney's Office.

65. On September 27, 2023, Guzman's criminal proceedings terminated in his favor, with an acknowledgement that there was insufficient evidence to support the criminal charge against him. This is tantamount to a declaration of a lack of probable cause.

66. As a result of being subjected to false and retaliatory prosecution, Guzman has suffered compensable harm.

67. The infliction of harm on Guzman was intentional and malicious and in knowing violation of his rights, thus entitling him to punitive damages against the named individual defendants.

68. The City of Fresno is vicariously liable under state law, specifically Cal. Government Code § 815.2, for harms caused by its police officers within the course and scope of their official duties.

### NINTH CAUSE OF ACTION

Violation of Cal. Civil Code § 52.1- Retaliatory and Unlawful Deprivation of Property Rights

(By Guzman Against All Defendants)

69. Guzman incorporate the foregoing paragraphs by reference, as if fully set forth herein.

70. As a result of the named defendant officers' unlawful seizure and theft of Guzman's $1,000 cash on hand at his business, he was denied his right to be secure in his home or business against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. Guzman also was deprived of his personal property without due process of law, as guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution. These rights are likewise protected by article I, section 13 of the California Constitution. These constitutional rights are made actionable under the Bane Civil Rights Act, Cal. Civil Code § 52.1.

- 13 -
COMPLAINT FOR DAMAGES

71. The named defendant officers' intentional and reckless acts, as described above, also constitute a deprivation of Guzman's rights, privileges, and immunities under the United States and California Constitutions, specifically, his rights under the First and Fourth Amendment to be free from retaliatory, and unlawful property seizures. These rights are likewise protected by the First Amendment and article I, sections 2 and 13 of the California Constitution. These constitutional rights are made actionable under the Bane Civil Rights Act, Cal. Civil Code § 52.1.

72. Because the above-recited facts make it clear that there was never a good faith basis to seize any property belonging to Guzman, the defendant officers' seizures were unconstitutional, and they also followed Guzman's assertion of his rights to refuse, question and criticize government authority. A reasonable person in Guzman's situation would be chilled in the exercise of his free speech based upon the defendant officers' reports and/or recommending that criminal charges be filed against him.

73. As a direct and proximate result of the named defendant officers' violation of his constitutional rights, Guzman has suffered compensable harm. Specifically, as a result of the unlawful seizure and theft of their property, Guzman has been damaged in an amount of over $1,000.

74. The infliction of harm on Guzman was intentional and malicious and in knowing violation of his rights, thus entitling him to punitive damages against the named individual defendants.

75. The City of Fresno is vicariously liable under state law, specifically Cal. Government Code § 815.2, for harms caused by its police officers within the course and scope of their official duties.

### TENTH CAUSE OF ACTION

Violation of Cal. Common Law - Battery

(By Guzman Against All Defendants)

76. Plaintiff incorporates the foregoing paragraphs by reference, as if fully set forth herein.

77. California common law prohibits one from using harmful and unconsented force on another, i.e., battery is unlawful.

78. On June 1, 2023, the named individual defendants committed a battery on Guzman, as described herein above.

79. As a result of being subjected to batteries, Guzman has suffered compensable harm.

80. The infliction of harm on Guzman was intentional and malicious and in knowing violation of Guzman's rights, thus entitling him to punitive damages against the named individual defendants.

81. The City of Fresno is vicariously liable under state law, specifically Cal. Government Code § 815.2, for harms caused by its police officers within the course and scope of their official duties.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. For general and special damages against each defendant in an amount proven at trial, as to all causes of action;

2. For punitive damages against each individual defendant, in an amount appropriate to punish and to deter others from engaging in similar misconduct;

3. For prejudgment interest as to all causes of action;

4. For costs and attorney's fees as authorized by 42 U.S.C. § 1988, Civil Code § 52 and other applicable law;

5. For other such relief as the Court may deem proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury as to all his claims for relief.

Date: April 20, 2024

                                          */s/ Kevin G. Little*
                                          Kevin G. Little
                                          Attorney for Plaintiff
                                          Daniel Guzman Vela